UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                                  Case No. 06-55754

GLENN RICHARD UNDERWOOD,                                        Chapter 11

                    Debtor.                                                      Judge Thomas J. Tucker
_____/

GLENN RICHARD UNDERWOOD, *pro se,*

                    Plaintiff,

v.                                                                                        Adv. Pro. No. 14-4966

PATRICIA SELENT, *pro se*, et al.,

                    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE TIME FOR FILING A NOTICE OF APPEAL

      This adversary proceeding is before the Court on Plaintiff's motion entitled "Motion for Request to Extend Time for Filing a Notice of Appeal Pursuant to Fed. R. Bankr. P. 8002(c)(2)," filed on January 5, 2015 (Docket # 76, the "Motion"). The Motion requests an extension of time to file a notice of appeal from the Court's interlocutory order, filed on December 10, 2014, which, among other things, dismissed Counts I, II, and III of Plaintiff's complaint, with prejudice (Docket # 65, the "December 10 Order"). The Court will deny the Motion because it was not timely filed, and because the Motion does not demonstrate excusable neglect.

      Fed. R. Bankr P. 8002(a)(1) states: "Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."

      Fed. R. Bankr P. 8002(d)(1) provides:

> (1) When the time may be extended
>
> Except as provided in subdivision (d)(2), the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:

      (A) within the time prescribed by this rule; or

      (B) within 21 days after that time, if the party shows excusable neglect.

Under Fed. R. Bankr P. 8002(a)(1), the deadline to file a notice of appeal of the December 10 Order was December 24, 2014.[1]  The Motion was not filed within the 14-day period prescribed by the rule.  Rather, the Motion was filed 12 days after the deadline expired.  But because the Motion was filed within 21 days after the deadline, the Motion could be considered timely, but if and only if Plaintiff has shown that the Motion was filed as late as it was due to "excusable neglect."

The Court concludes that the Motion does not demonstrate excusable neglect for filing the Motion after December 24, 2014, and as late as January 5, 2015, when it was filed.

For these reasons,

IT IS ORDERED that the Motion (Docket # 76) is denied.

**Signed on January 26, 2015**          **/s/ Thomas J. Tucker**
                                        **Thomas J. Tucker**
                                        **United States Bankruptcy Judge**

---

[1] The Motion includes the following allegation, on page 2, in ¶ 4: "Plaintiff Underwood was informed that the courts closed early on December 24, 2014."  The Motion does not say who informed Plaintiff of this, but Plaintiff is incorrect about an early closing on December 24.  The Bankruptcy Court Clerk's office in Detroit was open and available to accept documents for filing all day, until its normal closing time (4:00 p.m.) on December 24, 2014.